# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| BABETTE BOOE, § | |
| § | |
| *Plaintiff*, § | Civil Action No. 4:22-CV-00110 |
| v. § | Judge Mazzant |
| § | |
| ALECTO HEALTHCARE SERVICES, § | |
| § | |
| *Defendant*. § | |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Alecto Healthcare Sherman, LLC's Rule 12(b)(2), (4), and (5) Motion to Dismiss (Dkt. #5). Having considered the motion and the relevant pleadings, the Court finds that it should be **GRANTED in part**.

### BACKGROUND

This case involves allegations of employment discrimination. Plaintiff Babette Booe spent thirty-six years working as a nurse at the Wilson N. Jones Regional Medical Center in Sherman, Texas (Dkt. 1 ¶¶ 8–9). Her employment was terminated on October 23, 2020. According to Plaintiff, she was terminated in retaliation for exercising her rights under the Family Medical Leave Act (Dkt. #1 ¶ 20).

On February 21, 2021, Plaintiff filed her Original Complaint, naming "Alecto Healthcare Services" as the sole Defendant (Dkt. #1). Plaintiff specifically identified Defendant, Alecto Healthcare Services, as "a corporation doing business in Sherman, Texas as Wilson N. Jones Regional Medical Center . . . at 500 N. Highland Avenue, Sherman, TX 75092" (Dkt. #1 ¶ 6).

On May 24, 2022, seeing that Plaintiff had taken no action in this case, the Court issued a Notice of Impending Dismissal (Dkt. #2 at p. 1). In the Notice, the Court informed Plaintiff that

more than sixty days had passed since Plaintiff filed its complaint and that Defendant had not yet been served.  The Court warned Plaintiff that, pursuant to Federal Rule of Civil Procedure 4(m), this case would be dismissed without prejudice if Plaintiff did not serve Defendant with process within ninety days of the filing of the Complaint.

Rather than serving Defendant, Plaintiff responded to the Court's Notice by serving Alecto Healthcare Sherman, LLC ("Alecto Sherman"), a non-party, through its Texas registered agent on June 3, 2022 (Dkt. #5, Exhibit A).  Alecto Sherman is a Delaware limited liability company that is headquartered in Glendale, California (Dkt. # 5, Exhibit B ¶ 2).  It is a holding company that exists solely to own Sherman/Grayson Hospital, LLC ("Sherman/Grayson"), which, in turn, operates the Wilson N. Jones Regional Medical Center.  Alecto Sherman was not named as a Defendant or otherwise identified in Plaintiff's Complaint.

Alecto Sherman filed its Motion to Dismiss on June 24, 2022, in which it asks the Court to dismiss Plaintiff's claims for lack of personal jurisdiction, insufficient process, and insufficient service of process (Dkt. #5).  On July 21, 2022, Plaintiff filed her Response in which she stated that she had "mistakenly selected Alecto Healthcare Services Sherman as the Defendant to whom summons was issued" (Dkt. #8 ¶ 4).

## ANALYSIS

**I.     Insufficient Process and Insufficient Service of Process**

Alecto Sherman asks this Court to dismiss Plaintiff's suit under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5).  Rule 12(b)(4) allows a defendant to move for dismissal based on insufficient process.  FED. R. CIV. P. 12(b)(4).  This rule is the "proper challenge when the respondent alleges that the summons and complaint do not properly name the party on whom the summons and complaint were served."  *Coleman v. Carrington Mortg. Servs., LLC*, No. 4:19-CV-

0231-ALM-CAN, 2019 WL 7195392, at *3 (E.D. Tex. Dec. 3, 2019), *report and recommendation adopted,* No. 4:19-CV-231, 2019 WL 7193770 (E.D. Tex. Dec. 26, 2019).  Likewise, Federal Rule of Civil Procedure 12(b)(5) provides that a party may file a motion to dismiss for insufficient service of process.  FED. R. CIV. P. 12(b)(5).  This rule is the proper challenge when the wrong party is served with a summons and complaint.  *See, e.g.*, *Gartin v. Par Pharm. Companies, Inc.*, 289 F. App'x 688, 691 n.3 (5th Cir. 2008).

Courts enjoy broad discretion to dismiss an action under both rules, but defects in service are generally not fatal if they do not prejudice the defendant.  *See, e.g.*, *Coleman v. Bank of New York Mellon*, 969 F. Supp. 2d 736, 744–45 (N.D. Tex. 2013).  Alternatively, the Court can, in its sound discretion, quash service and direct that service be effected within a specific time.  *See, e.g.*, *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992) ("Upon determining that process has not been properly served on a defendant, district courts possess broad discretion to either dismiss plaintiff's complaint . . . or to simply quash service of process.").

Here, it is undisputed that the summons issued by Plaintiff does not properly name the Defendant (Dkt. #8, Exhibit A).  Plaintiff has named Alecto Healthcare Services as the Defendant in this case, but, through an admitted mistake, it served a summons on Alecto Sherman (Dkt. #8 ¶ 4).  Plaintiff's failure to properly name Defendant on the summons means that Plaintiff has yet to properly serve a defendant in this case.  That said, there is no indication that Defendant is prejudiced by Plaintiff's failure to properly effect service.  Accordingly, "the simplest solution in this situation is to quash process [on Alecto Sherman] and allow the plaintiff another opportunity to serve the defendant."  5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1354 (3d ed. 2022).

Therefore, the Court construes Alecto Sherman's motion as one to quash service rather than dismiss. The Court grants this motion to quash and further grants Plaintiff leave of thirty (30) days from the date of this Order to complete service on Defendant.

## II.     Personal Jurisdiction

Alecto Sherman also asks this Court to dismiss Plaintiff's claims against it for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). The Court has already determined that Plaintiff's service of Alecto Sherman was improper. Accordingly, the Court need not address Alecto Sherman's personal jurisdiction arguments because it has already concluded that Alecto Sherman is not a party properly before the Court. *See* FED. R. CIV. P. 4.

## CONCLUSION

It is therefore **ORDERED** that Alecto Healthcare Sherman, LLC's Rule 12(b)(2), (4), and (5) Motion to Dismiss (Dkt. #5) is hereby **GRANTED in part.**

It is further **ORDERED** that Plaintiff's prior service of Alecto Sherman is hereby **QUASHED**.

It is further **ORDERED** that Plaintiff shall have thirty (30) days from the date of this Order to serve Defendant with a summons and a copy of the complaint in accordance with Federal Rule of Civil Procedure 4.

**IT IS SO ORDERED.**
SIGNED this 14th day of September, 2022.

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE