# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| BABETTE BOOE, § <br> § <br> *Plaintiff*, § <br> v. § <br> § <br> ALECTO HEALTHCARE SERVICES, § <br> § <br> *Defendant*. § | § <br> § <br> Civil Action No. 4:22-CV-110 <br> Judge Mazzant <br> § <br> § <br> § <br> § <br> § |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Alecto Healthcare Services, LLC's Rule 12(b)(2), (4), and (5) Motion to Dismiss (Dkt. #13). Having considered the motion and the relevant pleadings, the Court finds that it should be **GRANTED**.

### BACKGROUND

The facts of this employment discrimination case are more fully set out in the Court's Memorandum Order and Opinion granting in part Alecto Healthcare Sherman, LLC's Rule 12(b)(2), (4), and (5) Motion to Dismiss (Dkt. #11). That said, a brief overview of the procedural history and the parties involved is necessary.

Plaintiff brought this case against a Defendant that she identifies as "Alecto Healthcare Services" on February 21, 2022 (Dkt. #1). According to Plaintiff, "Alecto Healthcare Services," is "a corporation doing business in Sherman, Texas as Wilson N. Jones Regional Medical Center" and located at "500 N. Highland Avenue, Sherman, TX 75092" (Dkt. #1 ¶ 6). After three months of inactivity, the Court issued a notice of impending dismissal, which directed Plaintiff to serve a proper defendant by June 3, 2022 (Dkt. #2). Although her complaint identifies "Alecto Healthcare Services" as the proper defendant, Plaintiff served Alecto Healthcare Services Sherman LLC

("Alecto Sherman"), an entity that is not mentioned in Plaintiff's complaint, three days before the deadline set by the Court (Dkt. #4).

Alecto Sherman is a Delaware limited liability company that is headquartered in Glendale, California (Dkt. #5, Exhibit 2 ¶ 2).  It is a holding company that exists solely to own Sherman/Grayson Hospital, LLC ("Sherman/Grayson"), which, in turn, operates the Wilson N. Jones Regional Medical Center, where Plaintiff was employed (Dkt. #5, Exhibit 2 ¶ 5).  According to Alecto Sherman, it plays no role in the management or operations of Sherman/Grayson, it never employed Plaintiff, and it was not involved in the alleged discrimination underlying this case (Dkt. #5, Exhibit 2 ¶¶ 3–12).

Given its lack of involvement with this case—and considering that it is not named in Plaintiff's complaint—Alecto Sherman moved to dismiss this case, or alternatively, to quash service, under Federal Rules of Civil Procedure 12(b)(2), (4), and (5) on June 24, 2022 (Dkt. #5). In its motion to dismiss, Alecto Sherman identified Sherman/Grayson, rather than "Alecto Healthcare Services" or Alecto Sherman, as Plaintiff's employer and the proper defendant (Dkt. #5 at p. 6).  The Court granted Alecto Sherman's motion in part on September 14, 2022 (Dkt. #11). Rather than dismissing the case, the Court determined that the "simplest solution" was to quash service on Alecto Sherman and to give Plaintiff another opportunity to serve a proper defendant (Dkt. #11 at p. 3).  Accordingly, the Court gave Plaintiff thirty days to effect service on a proper defendant (Dkt. #11 at p. 4).

In a second attempt to serve a proper defendant, and outside of the thirty-day deadline set by the Court, Plaintiff served Alecto Healthcare LLC ("Alecto") on November 1, 2022 (Dkt. #13, Exhibit 1 ¶ 4).  Like Alecto Sherman, Alecto is a Delaware limited liability company that is headquartered in Glendale, California (Dkt. #13, Exhibit 1 ¶ 3).  In fact, Alecto owns 80% of

Alecto Sherman, which, as noted above, operates as a holding company for the sole purpose of owning Sherman/Grayson (Dkt. #13, Exhibit 1 ¶ 5). Like its holding company, Alecto conducts no business in Texas, it employs no Texans, and it does not direct the day-to-day operations or employment decisions of Sherman/Grayson (Dkt. #13, Exhibit 1 ¶ 10).

And so, on November 22, 2022, Alecto moved to dismiss this case under Federal Rules of Civil Procedure 12(b)(2), (4), and (5) (Dkt. #13). Plaintiff did not respond to Alecto's motion.

## ANALYSIS

**I.     Plaintiff's Failure to Respond to Alecto's Motion to Dismiss**

As an initial matter, the Court must decide what impact Plaintiff's failure to respond has on the disposition of Alecto's motion to dismiss. The Federal Rules of Civil Procedure do not, by their terms, require a party to file a response to a Rule 12 motion to dismiss. As a result, the Fifth Circuit has expressed a "considerable aversion" to the automatic grant of a dispositive motion, including a motion to dismiss, based solely on the plaintiff's failure to respond. *See Luera v. Kleberg Cnty. Tex.*, 460 F. App'x 447, 449 (5th Cir. 2012). So, even in the absence of a response, the Court must consider the merits of a defendant's motion to dismiss. *See, e.g.*, *Webb v. Morella*, 457 F. App'x 448, 452 n.4 (5th Cir. 2012); *John v. Louisiana*, 757 F.2d 698, 707–10 (5th Cir. 1985) ("[A]lthough we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation.").

That said, Plaintiff's failure to respond to Alecto's motion to dismiss is not without consequences. The Eastern District of Texas Local Rules provide that "[a] party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." Local Rule

CV-7(d).  The practical impact of this Local Rule is that the Court will accept as undisputed the facts set out in Alecto's unopposed motion to dismiss.  *See, e.g.*, *Natour v. Bank of Am., N.A.*, No. 4:21-CV-00331, 2021 WL 5239592, at *5 n.2 (E.D. Tex. Nov. 10, 2021) (citing Local Rule CV-7(d)).

## II.     Insufficient Process and Insufficient Service of Process

Alecto asks the Court to dismiss Plaintiff's suit under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) (Dkt. #13 at pp. 5–7).  Rule 12(b)(4) allows a defendant to move for dismissal based on insufficient process.  FED. R. CIV. P. 12(b)(4).  This rule is the "proper challenge when the respondent alleges that the summons and complaint do not properly name the party on whom the summons and complaint were served."  *Coleman v. Carrington Mortg. Servs., LLC*, No. 4:19-CV-00231, 2019 WL 7195392, at *3 (E.D. Tex. Dec. 3, 2019), *report and recommendation adopted,* No. 4:19-CV-00231, 2019 WL 7193770 (E.D. Tex. Dec. 26, 2019).

Likewise, Federal Rule of Civil Procedure 12(b)(5) provides that a party may file a motion to dismiss for insufficient service of process.  FED. R. CIV. P. 12(b)(5).  This rule is the proper challenge when the wrong party is served with a summons and complaint.  *See, e.g.*, *Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 691 n.3 (5th Cir. 2008).  In considering a motion to dismiss under either Rule 12(b)(4) or (b)(5), the Court may look to affidavits and other documentary evidence presented with the motion.  *See* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1354 (3d ed. 2022). And, under both rules, the Court has discretion to dismiss the case or to quash service.  *Id.*; *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) ("The choice between dismissal and quashing service of process is in the district court's discretion.") (internal quotations omitted).

4

Alecto contends that dismissal is required under both Rules 12(b)(4) and (b)(5).  As Alecto points out, Plaintiff identifies the defendant in this case as the generically named "Alecto Healthcare Services," which Plaintiff identifies as a "corporation" doing business at 500 N. Highland Avenue in Sherman, Texas and operating as the "Wilson N. Jones Regional Medical Center" (Dkt. #1 ¶ 6).  But, according to the undisputed facts presented in its motion to dismiss, Alecto is not a corporation, it has never done any business in Sherman, Texas, and it does not operate as the Wilson N. Jones Regional Medical Center (Dkt. #13, Exhibit 1 ¶¶ 3–12).

Thus, the Court is satisfied that dismissal is warranted under Rules 12(b)(4) and (b)(5) because the summons served on Alecto does not properly name the party on whom it was served, and because the wrong party was served as it is not at all clear that Alecto is the proper defendant here.  *See*, *e.g.*, *Int'l Fire & Safety, Inc. v. HC Servs., Inc.*, No. 2:06-CV-00063, 2006 WL 2403496, at *1 (S.D. Miss. Aug. 18, 2006).  Having already determined that quashing service of process was the appropriate remedy for Plaintiff's first failure to effect service on a proper defendant, the Court opts not give Plaintiff a second bite at the apple.  Instead, the Court will, in its discretion, dismiss this case under Rules 12(b)(4) and (b)(5).

### III.    Personal Jurisdiction

Even if Plaintiff had served a proper defendant, Alecto argues that dismissal is the appropriate remedy as Alecto is not subject to personal jurisdiction in Texas (Dkt. #13 at p. 7). Federal Rule of Civil Procedure 12(b)(2) requires a court to dismiss a claim if the court does not have personal jurisdiction over the defendant.  FED. R. CIV. P. 12(b)(2).  After a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish that *in personam* jurisdiction exists.  *See, e.g.*, *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006).  When considering the motion to dismiss, "[a]llegations in [a]

5

plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits." *Int'l Truck & Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 557 (N.D. Tex. 2003) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 282–83 n.13 (5th Cir. 1982)).

The Court conducts a two-step inquiry when a defendant challenges personal jurisdiction. *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 336 (5th Cir. 2020). First, absent a controlling federal statute regarding service of process, the Court must determine whether the forum state's long-arm statute confers personal jurisdiction over the defendant. *Id.* Second, the Court must determine whether the exercise of personal jurisdiction is consistent with due process under the United States Constitution. *Id.* Because Plaintiff's claims do not implicate any controlling federal statutes regarding service of process, the Court must determine whether the exercise of personal jurisdiction over Alecto is authorized by Texas's long-arm statute and the Due Process Clase. This determination ultimately collapses into a single inquiry as the Texas long-arm statute confers jurisdiction to the limits of the Due Process Clause. *Command-Aire Corp. v. Ont. Mech. Sales and Serv. Inc.*, 963 F.2d 90, 93 (5th Cir. 1992). The sole question, then, is whether personal jurisdiction offends or comports with federal constitutional guarantees. *See, e.g.*, *Bullion v. Gillespie*, 895 F.2d 213, 216 (5th Cir. 1990).

The Due Process Clause permits the exercise of personal jurisdiction over a non-resident defendant when the defendant has established minimum contacts with the forum state "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Those minimum contacts can "be established either through contacts sufficient to assert specific jurisdiction, or contacts sufficient to assert general jurisdiction." *See, e.g.*, *Frank*, 947 F.3d at 336. Specific jurisdiction exists only when the plaintiff's claim against a non-resident defendant arises out of or relates to activities that

6

the defendant purposefully directed at the forum state. *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Likewise, general jurisdiction exists only when the defendant's contacts with the forum are so "'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations., S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

In her complaint, Plaintiff alleges that both specific and general jurisdiction exist here because "Alecto Healthcare Services" conducts "significant business" in Texas and the actions giving rise to this case took place in Sherman, Texas (Dkt. #1 ¶¶ 2–3). Alecto counters that Plaintiff cannot carry her burden of establishing specific jurisdiction because, based on the undisputed facts supporting Alecto's motion to dismiss, Alecto does not control Sherman/Grayson and it had no role in Plaintiff's employment or her termination (Dkt. #13 at p. 8). Alecto also contends that it is not subject to general jurisdiction as it conducts no business here and has no Texas-based contacts (Dkt. #13 at p. 9).

The Court agrees with Alecto. Specific jurisdiction is lacking here because Plaintiff's claims do not "arise out of or relate to" Alecto's contacts with the State of Texas—after all, it is undisputed that Alecto did not employ Plaintiff and it plays no role in Sherman/Grayson's employment decisions. *See Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 137 S.Ct. 1773, 1780 (2017). And Plaintiff cannot carry her burden of establishing that this is the "exceptional" case in which a defendant is "at home" outside of its state of incorporation or its principal place of business. *Nunes v. NBCUniversal Media, LLC*, 582 F. Supp. 3d 387, 395 (E.D. Tex. 2022) (quoting *Daimler*, 571 U.S. at 137). It is undisputed that Alecto, which is incorporated in Delaware and headquartered in California, conducts no business in Texas, let alone business that is "so

substantial and of such a nature as to render it at home" in Texas. *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014). Indeed, Alecto's sole contact with this state is its ownership of Alecto Sherman, which, in turn, owns Sherman/Grayson (Dkt. #13, Exhibit 1 ¶ 13). But the Texas contacts of Alecto Sherman and Sherman/Grayson cannot be attributed to Alecto absent a showing that Alecto "so control[s] the activities" of those entities that their contacts may be considered Alecto's for the purposes of general jurisdiction. *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 857 (5th Cir. 2000); *Alpine View Co.*, 205 F.3d at 218 (noting that "a foreign parent corporation is not subject to the jurisdiction of a forum state merely because its subsidiary is present or doing business there . . ."). Plaintiff has made no such showing (Dkt. #13, Exhibit 1 ¶¶ 10–12). As a result, the Court determines that it should dismiss Plaintiff's claims against Alecto for lack of personal jurisdiction.

## CONCLUSION

It is therefore **ORDERED** that Alecto Healthcare Services, LLC's Rule 12(b)(2), (4), and (5) Motion to Dismiss (Dkt. #13) is hereby **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE**.

The Court will render a Final Judgment consistent with this Memorandum Opinion and Order separately.

   **IT IS SO ORDERED.**

   **SIGNED this 30th day of June, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE